# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NORMAN EMORY PAYNE, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-0878 |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case was removed by Defendant Metropolitan Life Insurance Company ("MetLife") from the County Civil Court at Law No. 2 of Harris County, Texas. The case is before the Court on the Motion to Remand ("Motion") [Doc. # 6] filed by Plaintiff Norman Emory Payne, III. Defendant filed a Response [Doc. # 8], and Plaintiff filed a Reply [Doc. # 9]. Having considered the full record and the applicable legal authorities, the Court concludes that it may lack subject matter jurisdiction over this dispute and, therefore, will allow Plaintiff an opportunity to file a binding Stipulation as described herein.

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Shearer v. Southwest Serv. Life Ins. Co.,* 615 F.3d 276, 278 (5th Cir. 2008); *Manguno v.*

*Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff is a citizen of Texas, and MetLife is a citizen of New York. Plaintiff sued MetLife in Texas state court alleging that MetLife breached its contract with Plaintiff's decedent by failing to pay $40,000.00 in proceeds under a life insurance policy. Plaintiff also asserted claims for violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, as well as common law bad faith. Plaintiff stated in the Original Petition that "the entirety of Plaintiff's damages, exclusive of interest and costs, does not exceed $75,000.00." *See* Original Petition, Exh. A to Notice of Removal [Doc. # 1], § IX. Therefore, Plaintiff seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000.00 required by 28 U.S.C. § 1332.

Because there is no state law limiting Plaintiff's damages to the amount in the pleading, Plaintiff's complaint is not dispositive. *DeAguilar v. Boeing*, 47 F.3d 1404, 1412-13 (5th Cir. 1995). If Defendant can show that the amount in controversy actually exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law,

it is certain he will not be able to recover more than the amount prayed for in the state court Petition. *Id.* at 1410. Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits his recovery. *Manguno*, 276 F.3d at 724.

Defendant has shown that the amount in controversy in this case could exceed $75,000.00. Specifically, Defendant notes that Plaintiff has asserted claims under the Insurance Code and the DTPA – Texas statutes which allow recovery of treble damages.

Because Defendant has shown that the amount in controversy could exceed $75,000.00, Plaintiff must show that he is legally precluded from recovering $75,000.00 or more. Plaintiff has not identified any statute that limits his recovery to less than the jurisdictional amount of this court. Additionally, Plaintiff has not filed a binding stipulation limiting the scope of his recovery to less than $75,000.00. The Stipulation attached as Exhibit B to the Motion to Remand contains appropriate language, but it is not signed by Plaintiff.

In conclusion, Defendant has shown that the amount in controversy could exceed the jurisdictional amount. Plaintiff, however, should be given the opportunity to prove to a legal certainty that his recovery can not exceed $75,000.00 by filing a binding stipulation limiting his recovery. Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **May 9, 2011**, a binding stipulation – signed by Plaintiff personally – irrevocably stipulating that his total recovery in this case, including attorney's fees, cannot exceed $75,000.00.  <u>If Plaintiff fails to file the stipulation by May 9, 2011, the Court will issue an order denying the Motion to Remand.</u>  If Plaintiff files the stipulation by May 9, 2011, Defendant may file by **May 20, 2011**, any objections to the adequacy of the Stipulation.

SIGNED at Houston, Texas, this **22nd** day of **April, 2011**.

_____
Nancy F. Atlas
United States District Judge